******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SERENA BAKER *v.* OSCAR ARGUETA
## (AC 43827)

Prescott, Moll and DiPentima, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court dissolving his marriage to the plaintiff and making certain orders regarding the parties' finances and custody of the parties' two minor children. During the pendency of this appeal, the defendant filed a motion for articulation requesting that the court articulate several aspects of its original decision related to its finding of the defendant's presumptive child support amount. Thereafter, the trial court issued, sua sponte, a corrected memorandum of decision in which it found that the defendant's presumptive child support amount was $275 per week, rather than the $294 per week it had found in its original decision, and, subsequently, denied the defendant's motion for articulation. On appeal, the defendant raised claims relating to the child support award entered by the court in its original decision, asserting that the court incorrectly found that his presumptive child support amount was $294 per week. *Held* that this court lacked subject matter jurisdiction to entertain the defendant's appeal as that appeal became moot when the court issued a corrected memorandum of decision: the defendant's claims related only to the child support award in the court's original decision, the defendant did not challenge, by way of an amended appeal, the court's corrected decision, in which the court reversed itself and resolved the matter at issue in the defendant's favor, and there was no practical relief that this court could afford the defendant.

Argued November 30, 2021—officially released January 11, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *McLaughlin, J.*; judgment dissolving the marriage and granting certain other relief, from which the defendant appealed to this court; thereafter, the court, *McLaughlin, J.*, issued a corrected memorandum of decision. *Appeal dismissed.*

*David N. Rubin*, for the appellant (defendant).

*Joseph T. O'Connor*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant, Oscar Argueta, appeals from the judgment of the trial court, rendered on January 8, 2020, dissolving his marriage to the plaintiff, Serena Baker. On appeal, the defendant raises claims of error relating to the child support award entered by the court in its January 8, 2020 memorandum of decision. We conclude that the defendant's claims became moot during the pendency of this appeal when the court issued a corrected memorandum of decision on May 22, 2020, which the defendant has not challenged by way of an amended appeal. Accordingly, we dismiss the appeal as moot.

The following facts, as found by the trial court, and procedural history are relevant to our resolution of this appeal. The parties were married in 2009. Two children were born of the marriage, one in 2014 and the other in 2016.

On September 17, 2018, the plaintiff commenced the present dissolution action. The matter was tried to the court, *McLaughlin, J.*, on December 17 and 18, 2019.

On January 8, 2020, the court issued a memorandum of decision rendering a dissolution judgment (original decision). In accordance with a pendente lite parenting plan that it incorporated into the original decision,[1] the court awarded the parties joint legal custody of their children, with the children's primary residence being with the plaintiff. Additionally, the court ordered the defendant to pay child support to the plaintiff. In calculating the defendant's child support obligation, the court indicated that both parties had submitted child support guidelines worksheets pursuant to Practice Book § 25-30 (e).[2] The court referenced two worksheets that were appended to the original decision as Addendum A and Addendum B, respectively. Addendum A, identified by the court as the "[p]laintiff's worksheet" dated December 17, 2019, calculated the defendant's presumptive child support obligation under the child support guidelines, as set forth in § 46b-215a-1 et seq. of the Regulations of Connecticut State Agencies, to be $275 per week. Addendum B, identified by the court as the "[d]efendant's worksheet" dated December 5, 2019, calculated the presumptive support amount to be $294 per week. The court found the presumptive support amount to be $294 per week as set forth in Addendum B, and, after determining that a deviation was warranted because the presumptive support amount was inequitable or inappropriate on the basis of two deviation criteria under § 46b-215a-5c (b) of the regulations (coordination of total family support and the best interests of the parties' minor children), the court ordered the defendant to pay $338 per week, or $1465 per month, in child support. On January 21, 2020, the defendant filed this appeal from the original decision.

On March 10, 2020, the defendant filed a motion for articulation requesting that the court articulate several aspects of the original decision. Of import, the defendant asked the court to articulate the following: (1) whether the court mistakenly had referred to the child support guidelines worksheet appended to the original decision as Addendum A as the "[p]laintiff's worksheet" notwithstanding that the defendant had completed it; (2) whether the court mistakenly had relied on the worksheet appended to the original decision as Addendum B, which also had been completed by the defendant, to find that the defendant's presumptive child support obligation was $294 per week when Addendum B had been superseded by Addendum A; and (3) whether the correct presumptive support amount was $275 per week, as reflected in Addendum A.

On May 22, 2020, the court issued, sua sponte, a corrected memorandum of decision (corrected decision), the purpose of which was to "[correct] the court's child support orders in [the original decision] to comport with the proper child support guidelines worksheet." In the portion of the corrected decision addressing child support, the court stated that "the defendant . . . submit[ted] a child support guidelines worksheet at the commencement of the trial pursuant to Practice Book § 25-30 (e); the plaintiff did not.[3] Pursuant to the defendant's worksheet dated December 17, 2019 [i.e., Addendum A], the weekly presumptive child support amount is $275 . . . paid from the defendant to the plaintiff." (Footnote added.) After making a finding that the presumptive support amount was $275 per week, the court deviated from that amount and ordered the defendant to pay $313 per week, or $1356 per month, in child support.[4] The corrected decision otherwise mirrored the original decision. The defendant did not file an amended appeal from the corrected decision. On June 23, 2020, the court summarily denied the defendant's motion for articulation.[5] Additional facts and procedural history will be set forth as necessary.

Before proceeding with our analysis, we briefly explain what we distill to be the defendant's claims on appeal. In the argument section of his principal appellate brief, the sole discernable claim raised by the defendant is that (1) in the original decision, the court improperly found that his presumptive child support obligation was $294 per week, and (2) notwithstanding that the court, in recognition of its error, issued the corrected decision in which it reduced his child support obligation upon a finding that the presumptive support amount was $275 per week, the original decision must be reversed and the matter must be remanded for a new trial. In the conclusion section of that brief, without any supporting analysis, the defendant asks us to "approve . . . the following conclusions:" (1) the court improperly found that the presumptive support amount

was $294 per week; (2) the court improperly "failed to determine the presumptive support amounts, child support award, child care costs, health care coverage, health care expenses, worksheet, child support award components, health care coverage contribution, payment of unreimbursed expenses, the presumptive order for unreimbursed expenses, the child care contribution and the noncustodial parent's share of qualifying costs for a contribution from the noncustodial parent only for child care costs for the two minor children of the parties"; (3) the court improperly determined that deviating from the presumptive support amount was warranted on the basis of two deviation criteria when it failed to make factual findings supporting the deviation and when there was no evidence to support the deviation; (4) the court improperly ordered a deviation from the presumptive support amount notwithstanding that the plaintiff did not indicate that a deviation was warranted on a child support guidelines worksheet completed by her dated December 10, 2019; and (5) the court made an improper factual finding regarding rental income received by the defendant from a certain commercial property.[6] During oral argument before this court, the defendant's counsel clarified that the defendant's claims of error all related to the proper calculation of the defendant's child support obligation.

On the basis of his principal appellate brief and his counsel's statements during oral argument before this court, we conclude that the crux of the defendant's appeal is that, in the original decision, the court incorrectly found that the defendant's presumptive child support obligation was $294 per week and that, as a result of the court's error, a new trial is necessary. The "conclusions" that the defendant requests that we "approve" all share a nexus to the court's finding of the presumptive support amount in the original decision.

In her appellate brief, the plaintiff argues, inter alia, that the defendant's claims are moot because there is no practical relief that we can afford him following the issuance of the corrected decision, which the defendant has not challenged by way of an amended appeal. We agree.

"We begin with the well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review." (Citation omitted; internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 679–80, 899 A.2d 586 (2006).

"Under our well established jurisprudence, [m]oot-

ness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . . In other words, the ultimate question is whether the determination of the controversy will result in practical relief to the complainant. . . .

"In considering the effect of the opening of a judgment on a pending appeal, then, the appropriate question is whether the change to the judgment has affected the issue on appeal. If, in opening the judgment, the trial court reverses itself and resolves the matter at issue on appeal in the appellant's favor, it is clear that the appeal is moot as there is no further practical relief that may be afforded. . . . Conversely, if the judgment is opened to address issues entirely unrelated to the appeal, the opening of the judgment has had no effect on the availability of relief. A more difficult question may be presented if the trial court addresses the matter at issue on appeal, but does not entirely afford the appellant the relief sought. In such cases, the extent to which the trial court alters the judgment may require either a new appeal or an amended appeal. . . . As [t]he determination of whether a claim has become moot is fact sensitive . . . the facts of each case similarly must dictate the appropriate procedure to follow." (Citations omitted; internal quotation marks omitted.) Id., 691–92.

As we set forth earlier in this opinion, we construe the defendant's cardinal claim on appeal, on which all of his other claims rely, to be that his presumptive child support obligation found by the court in the original decision was incorrect. After the defendant had filed this appeal from the original decision, the court issued the corrected decision in which it acknowledged committing error as to its original finding of the presumptive support amount, found the correct presumptive support amount, and reduced the defendant's child support obligation. In essence, the court opened the original decision and substituted a new judgment for it. Thus, we conclude that the court in the corrected decision "reverse[d] itself and resolve[d] the matter at issue on appeal in the appellant's favor," and, accordingly, this "appeal is moot as there is no further practical relief that may be afforded" the defendant. Id., 692.

In his reply brief, the defendant does not offer any appreciable response to the argument that the corrected decision afforded him the relief that he seeks in this appeal.[7] Instead, the defendant maintains that his presumptive child support obligation found by the court in the original decision was a clerical error that the court corrected in the corrected decision, which relates back to the original decision, thereby obviating the need

to file an amended appeal from the corrected decision. At the outset, we note that this argument appears to be inconsistent with the defendant's claim that the court's error in finding his presumptive support amount in the original decision necessitates a reversal and a remand for a new trial. In addition, as we explain later in this opinion, the defendant's failure to file an amended appeal would bar him from challenging the child support award in the corrected decision; however, whether the defendant filed an amended appeal has no bearing on our conclusion that there is no practical relief that we may afford him as to his claims in this appeal, which relate only to the child support award in the original decision.[8]

In any event, we are not convinced by the defendant's argument that his presumptive child support obligation found by the court in the original decision was a clerical error. "A distinction . . . must be drawn between matters of substance and clerical errors, the distinction being that mere clerical errors may be corrected at any time . . . . A clerical error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. . . . In other words, it is clerical error if the judgment as recorded fails to agree with the judgment in fact rendered . . . ." (Citations omitted; internal quotation marks omitted.) *Maguire* v. *Maguire*, 222 Conn. 32, 39–40, 608 A.2d 79 (1992).

Here, the original decision reflected the defendant's presumptive child support obligation that the court found at the time of the judgment rendered on January 8, 2020, notwithstanding that the court later realized that it had relied on the wrong child support guidelines worksheet in finding the presumptive support amount. Put simply, the original decision accurately reflected the January 8, 2020 judgment rendered by the court. By making a new finding as to the presumptive support amount and by recalculating the defendant's child support obligation in the corrected decision, the court opened the original decision and modified it substantively. As such, the child support award in the corrected decision superseded the child support award in the original decision. If the defendant wished to challenge the child support award in the corrected decision, then it was incumbent on him to file an amended appeal from the corrected decision pursuant to Practice Book § 61-9, which he did not do.

In sum, we conclude that the defendant's claims on appeal, which relate only to the court's finding in the original decision that the defendant's presumptive child support obligation was $294 per week, have been rendered moot as a result of the corrected decision, in which the court found the presumptive support amount to be $275 per week and reduced the defendant's child

support obligation.[9] Whether the court committed error in the corrected decision is not a question before us in this appeal. Because the defendant's claims are moot, we are without subject matter jurisdiction to entertain this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The court modified one provision of the parenting plan concerning the defendant's parenting time.

[2] Practice Book § 25-30 (e) provides: "Where there is a minor child who requires support, the parties shall file a completed child support and arrearage guidelines worksheet at the time of any court hearing concerning child support; or at the time of a final hearing in an action for dissolution of marriage or civil union, legal separation, annulment, custody or visitation."

[3] On March 10, 2020, the defendant filed a motion for rectification requesting that the court rectify the record by including several documents purportedly submitted by the parties to the court, including a child support guidelines worksheet completed by the plaintiff dated December 10, 2019. On January 15, 2021, the court granted the motion for rectification except insofar as the defendant moved to add the plaintiff's child support guidelines worksheet to the record, finding that the plaintiff's worksheet was not in the court file and was not provided to the court prior to trial.

[4] In the original decision, the court determined that a deviation from the defendant's presumptive child support obligation was warranted on the basis of two deviation criteria. In contrast, in the corrected decision, the court did not identify expressly any deviation criteria in ordering a deviation from the presumptive support amount. As we explain later in this opinion, there are no claims before us that are predicated on the corrected decision.

[5] The defendant did not file a motion for review of the denial of his motion for articulation. See Practice Book § 66-7.

[6] In the conclusion section of his principal appellate brief, the defendant also requests that we "approve" the conclusion that the court made correct findings as to the parties' respective net incomes. This is not a cognizable claim of error.

[7] During oral argument before this court, the defendant's counsel asserted for the first time that this appeal was not moot because the defendant was obligated to pay the incorrect amount of child support set forth in the original decision in the interim between the original decision and the corrected decision. Under the circumstances of this case, we reject this assertion. The record before us is silent as to whether the defendant has paid child support under the original decision, and there is no indication in the record that the defendant has requested that the trial court credit him for any child support overpayments made pursuant to the original decision.

[8] During oral argument before this court, the defendant's counsel made a fleeting suggestion that the defendant's claims on appeal were not limited to the original decision, but rather extended to the corrected decision. This contention is belied by the defendant's appellate briefs, which do not contain any cognizable claims challenging the corrected decision. Moreover, as we explain later in this opinion, the defendant was obligated to file an amended appeal from the corrected decision if he intended to claim error with respect to the child support award set forth in the corrected decision.

[9] Our decision dismissing this appeal as moot encompasses the claims labeled by the defendant as "conclusions" in the conclusion section of his principal appellate brief. Even if we had subject matter jurisdiction over those claims vis-à-vis this appeal, we would not review their merits because, as the plaintiff argues in her appellate brief, they are inadequately briefed. See, e.g., *Onofrio* v. *Mineri*, 207 Conn. App. 630, 637–38,      A.3d      (2021) (declining to reach merits of inadequately briefed claim). Moreover, under our rules of practice, an appellant's claims of error should be delineated in the argument section of the appellant's principal appellate brief; see Practice Book § 67-4 (e); whereas the conclusion section of the brief should comprise "[a] short conclusion stating the precise relief sought." Practice Book § 67-4 (f).